FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 MAY 24 PM 2:00

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

VICKI JONES,

    Plaintiff,

CASE NO.:

6:18-CV-813-DRL-31-TBS

v.

JURY TRIAL DEMANDED

BALANCED HEALTHCARE
RECEIVABLES, LLC

    Defendant.
_____/

## COMPLAINT

Plaintiff, Vicki Jones, by and through undersigned counsel, hereby files suit against Balanced Healthcare Receivables, LLC, and states as follows:

### NATURE OF ACTION

1.     Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2.     Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq.*, the FDCPA, 15 U.S.C. § 1962 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Volusia County, Florida.

## PARTIES

4. Plaintiff, Vicki Jones ("Plaintiff"), is a natural person who resides in Volusia County, Florida. Plaintiff is also a "consumer" as that term is defined by Fla. Stat. § 559.55(8) and 15 U.S.C. §1692a(3) with a "consumer debt" under Fla Stat. § 559.55(6), and is a "person" as that term is used in 47 U.S.C. § 227.

5. Defendant, Balanced Healthcare Receivables, LLC, ("Defendant") is a limited liability company, headquartered in New Hampshire, does business in the State of Florida, is a "debt collector" as defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a(6), and is a "person" as used in 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in October of 2017, Plaintiff began to receive multiple telephone calls from Defendant to her cell phone in an attempt to collect on a debt that Plaintiff did not owe to Defendant (the "Debt").

9. Defendant calls Plaintiff every day, one or two times each day.

10. During a telephone conversation with Defendant in approximately December 2017, Plaintiff told representatives of Defendant that she never owed Defendant a debt, instructed the Defendant's representative to stop calling her cell phone, gave the Defendant's representative her attorney's contact information, subsequently instructing Defendant to solely call her attorney.

11. Nonetheless, although Plaintiff gave Defendant her attorney's contact information, told Defendant that she did not owe Defendant a debt and for Defendant to stop calling, Defendant continued to repeatedly call Plaintiff's cell phone in an attempt to collect the Debt directly from Plaintiff.

12. During one of these phone calls, Defendant told Plaintiff that Defendant would have Plaintiff arrested and taken to court.

13. Defendant placed the calls to Plaintiff's cell phone using an automated telephone dialing system without Plaintiff's express consent. This was evidenced from the fact that Defendant called Plaintiff from different phone numbers, when Plaintiff would answer Defendant's phone calls to her cell phone and hear either an automated voice or prerecorded message, and when Defendant left Plaintiff pre-recorded voicemail messages when Plaintiff did not pick up Defendant's phone calls.

14. Defendant called from the following phone number:

888-617-4378

15. As detailed below, Defendant's conduct constitutes a violation of the FCCPA, TCPA, and FDCPA.

## COUNT I

### VIOLATION OF § 559.72(7) OF THE FCCPA

16. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

17. Plaintiff re-alleges and incorporates paragraphs 1 through 15, as if fully set forth herein.

18. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

19. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

20. Through its conduct, described above, Defendant directly and through its agents violated § 559.72(7) of the FCCPA.

21. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

22. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

23. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF § 559.72(8) OF THE FCCPA

24. This is an action against Defendant for violation of Fla. Stat. § 559.72(8).

25. Plaintiff re-alleges and incorporates paragraphs 1 through 15, as if fully set forth herein.

26. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

27. Fla. Stat. § 559.72(8) provides, in pertinent part:

In collecting consumer debts, no person shall:

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

28. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

29. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

30. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

31. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF § 559.72(9) OF THE FCCPA

32. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

33. Plaintiff re-alleges and incorporates paragraphs 1 through 15, as if fully set forth herein.

34. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

35. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

36. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

37. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

38. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

39. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATION OF THE FCCPA BY DEFENDANT

40. This is an action against Defendant for violation of Fla. Stat. § 559.72(18).

41. Plaintiff re-alleges and incorporates paragraphs 1 through 15, as if fully set forth herein.

42. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

43. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from

>the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

44. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

45. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

46. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

47. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT V

## VIOLATIONS OF THE TCPA

48. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

49. Plaintiff re-alleges and reincorporates paragraphs 1 through 15, as if fully set forth herein.

50. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

51.    Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

52.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

53.    Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

54.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

55.    As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

56.    Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages

award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VI

## VIOLATION OF THE FDCPA

57. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

58. Plaintiff re-alleges and reincorporates paragraphs 1 through 15, as if fully set forth herein.

59. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

60. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

61. Defendant, communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

62. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C.§ 1692c(2)

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

63. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

64. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

65. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 22, 2018

Respectfully Submitted,

**TOLICUS LAW, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

/s/ **Gus M. Centrone, Esq.**
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@tolicus.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@tolicus.com
**ALEXANDER D. LICZNERSKI**
Florida Bar No. 123873
email: alicznerski@tolicus.com
Attorneys for Plaintiff